IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN C. MENDELL,<br>No. R65962,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL WILLIAMS,<br>CORRECTIONAL OFFICER CHANCE,<br>ANGELA WINSOR,<br>HAROLD SCHULER,<br>SANDRA FUNK,<br>M. GRISHAM,<br>PORTIER,<br>E. PFAU,<br>HILLIARD, and<br>ETIENNE,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 13-cv-01076-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Brian C. Mendell, an inmate currently housed in Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The claims asserted are based on alleged interference with his religious practice at Shawnee, the lack of response from Shawnee officials, and retaliation by officials at Big Muddy River Correctional Center ("Big Muddy") for Plaintiff having pursued litigation over similar religious exercise claims while at Big Muddy.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which

a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint and attached documentation, Plaintiff, a sex offender, was housed at Big Muddy River Correctional Center from September 2008 until June 2012, when Plaintiff received a non-disciplinary transfer to Shawnee Correctional Center. Plaintiff filed suit

against unidentified prison officials at Big Muddy for interfering with his Wicca religious practices. In retaliation for that litigation, Big Muddy officials Warden Angela Winsor, Lieutenant Harold Schuler, Major M. Grisham and Major Portier retaliated against Plaintiff by issuing disciplinary charges against Plaintiff, which were all later dismissed—but not before Plaintiff spent approximately a month in segregation. Although the disciplinary charges were dismissed, Plaintiff's security classification was changed, apparently resulting in his transfer to Shawnee in June 2012.

While at Big Muddy, Plaintiff received sex offender treatment, but at Shawnee he cannot participate in the sex offender programs he asserts will ultimately impact his release from prison. Sandra Funk, transfer coordinator for the Illinois Department of Corrections, has refused Plaintiff's requests for transfer to a facility offering a designated sex offender treatment program under the pretext of there not being bed space. It is alleged that Funk is acting in "retaliation."

At Shawnee, Chaplain Michael Williams and C/O Chance have denied Plaintiff his tarot cards, which Plaintiff asserts substantially burdens his Wicca religious practice and amounts to cruel and unusual punishment. Counselor E. Pfau is purportedly part of a "conspiracy," and has turned a blind eye to, and thereby supported, the impropriety raised in Plaintiff's grievances. Similarly, Assistant Warden Hilliard and Assistant Warden Etienne have turned a blind eye to Plaintiff's plight by not following up on Plaintiff's written "complaints."

The complaint also contains an assertion that all defendants, named and unnamed, have participated in a conspiracy to interfere with and suppress Plaintiff from practicing his Wicca faith.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into six counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. The claims are numbered in essentially the order the claims are presented in the complaint, not in the chronological order the allegations have been presented above.

> **Count 1:** Chaplain Michael Williams and C/O Chance have denied Plaintiff tarot cards, thereby substantially burdening the practice of Plaintiff's Wicca faith, in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the Eighth Amendment, the Illinois Constitution, and the Illinois Religious Freedom Restoration Act, 775 ILCS 35/1 *et seq.*;
>
> **Count 2:** Warden Angela Winsor, Lt. Harold Schuler, Maj. M. Grisham and Maj. Portier retaliated against Plaintiff for litigation by issuing him disciplinary charges, holding him in segregation, and altering his security classification, all in violation of Plaintiff's rights under the First Amendment;
>
> **Count 3:** Transfer Coordinator Sandra Funk, acting with a retaliatory motive, denied Plaintiff a transfer to a facility where he can participate in a designated sex offender treatment program;
>
> **Count 4:** Counselor E. Pfau, a member of a conspiracy to prevent Plaintiff from practicing his faith, denied Plaintiff's grievance, thereby denying Plaintiff's First Amendment right to practice his religion and denying him the equal protection of the laws of the law, in violation of the Fourteenth Amendment;
>
> **Count 5:** Assistant Warden Hilliard and Assistant Warden Etienne did not follow up on, and turned a blind eye to Plaintiff's written complaints in violation of Plaintiff's rights under the First and Fourteenth Amendments, and the Illinois constitution; and
>
> **Count 6:** All Defendants, and others yet to be identified, conspired to prevent Plaintiff from exercising his Wicca faith, in violation of the First Amendment and the equal protection clause of the Fourteenth Amendment.

**Discussion**

**Count 1**

Count 1, alleges that Chaplain Michael Williams and C/O Chance have denied Plaintiff tarot cards, thereby substantially burdening the practice of Plaintiff's Wicca faith in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the Eighth Amendment, the Illinois Constitution, and the Illinois Religious Freedom Restoration Act, 775 ILCS 35/1 *et seq*. Count 1 states colorable claims and shall proceed in all respects.

**Count 2**

Count 2 alleges that Warden Angela Winsor, Lt. Harold Schuler, Maj. M. Grisham and Maj. Portier retaliated against Plaintiff for litigation by issuing him disciplinary charges, holding him in segregation and altering his security classification, all in violation of Plaintiff's rights under the First Amendment. "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist,* 833 F.2d 639, 644 (7th Cir. 1987). Thus, the legal premise of the claim is sound. However, this count will be dismissed without prejudice, which will allow Plaintiff to clarify the claim in order to satisfy the pleading standard.

Although Rule 8 only requires so-called "notice pleading," Count 2 is not pleaded with sufficient clarity to permit the court to discern that a colorable claim has been stated against each of the four defendants, and which would allow them to answer the claim. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[T]o be liable under [Section] 1983, an individual defendant must

have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Count 2 is presented as little more than an assertion. The exhibits cited relative to this claim, Exhibits C, D and E, are not actually labeled, hindering the Court's ability to try to fashion a viable claim on behalf of the *pro se* plaintiff. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The Court needs some indication of which defendant did what. It is unlikely that the warden and four officers collectively issued Plaintiff a disciplinary charge, and changed his security classification.

### Count 3

Count 3 will also be dismissed without prejudice. This claim alleges Transfer Coordinator Sandra Funk, acting with a retaliatory motive, denied Plaintiff a transfer to a facility where he can participate in a designated sex offender treatment program. The First Amendment only forbids retaliation for the exercise of a constitutionally protected right. *See Howland v. Kilquist,* 833 F.2d 639, 644 (7th Cir. 1987). An inmate alleging retaliation must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff does not indicate what Funk, who does not even work in Shawnee or Big Muddy, was retaliating for. Consequently, this claim, as pleaded is nothing more than a conclusory assertion.

### Count 4

In Count 4, it is alleged that Counselor Pfau denied Plaintiff's grievance, thereby denying Plaintiff's First Amendment right to practice his religion and denying him the equal protection of

the laws in violation of the Fourteenth Amendment. This claim fails on its merits and will be dismissed with prejudice. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith,* 507 F.3d 605, 609 (7th Cir.2007). *See also* Doc. 1-1, pp. 8, 13.

**Count 5**

Count 5 pertains to the allegations that Assistant Warden Hilliard and Assistant Warden Etienne did not follow up on, and turned a blind eye to, Plaintiff's written complaints, all in violation of Plaintiff's rights under the First and Fourteenth Amendments and the Illinois constitution. "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.,* 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). At this juncture, based solely on the complaint, the Court cannot make a definitive ruling on the merits of the claims. Therefore, Count 5 shall proceed.

**Count 6**

Count 6 presents an overarching conspiracy claim involving all of the named defendants, as well as others yet to be identified. A conspiracy claim may be cognizable under Section 1983 where it resulted in the violation of an inmate's civil rights. S*ee Lewis v. Washington,* 300 F.3d 829, 831 (7th Cir. 2002). However, conspiracy is not an independent basis of liability. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 423 (7th Cir. 2000). The complaint offers nothing more than a conclusory assertion. Therefore, Count 6 will be dismissed without prejudice.

**Severance Considerations**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), in particular the PLRA's provisions regarding filing fees. *See id.* Rule 18 provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.

Rule 20 of the Federal Rules of Civil Procedure applies with as much force to cases brought by prisoners as it does to any other kind of case. *See id.* Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule. *See Intercon Research Associates., Ltd. v. Dresser Industries,* 696 F.2d 53, 57 (7th Cir. 1982). Accordingly, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that

A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George,* 507 F.3d at 607.

At this point, only Counts 1 and 5 can proceed. Plaintiff should consider *George* and Rule 20 when drafting his amended complaint. If Plaintiff is unable to plead a conspiracy claim or some other nexus between his varied claims, severance of claims may be warranted.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 2 and 3** are **DISMISSED** without prejudice; accordingly, **ANGELA WINSOR**, **HAROLD SCHULER**, **M. GRISHAM**, **PORTIER** and **SANDRA FUNK** are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED** with prejudice; therefore, **E. PFAU** is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that **COUNT 1** against Defendants **MICHAEL WILLIAMS** and **CORRECTIONAL OFFICER CHASE**, and **COUNT 5** against Defendants **HILLIARD** and **ETIENNE** shall proceed.

The Clerk of Court shall prepare for Defendants **MICHAEL WILLIAMS**, **CORRECTIONAL OFFICER CHASE**, **HILLIARD** and **ETIENNE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs

of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 14, 2013

                                             *s/ J. Phil Gilbert*
                                             **United States District Judge**