UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN C. MENDELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL WILLIAMS, CORRECTIONAL OFFICER CHANCE, ANGELA WINSOR, HAROLD SCHULER, SANDRA FUNK, M. GRISHAM, PORTIER, E. PFAU, HILLIARD and ETIENNE<br><br>    Defendant. | Case No. 13-cv-1076-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 25) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss Counts 2 (retaliation) and 6 (civil conspiracy) from the Second Amended Complaint without prejudice for failure to plausibly state a cause of action.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Magistrate Judge Frazier found that plaintiff Brian C. Mendell failed to allege facts plausibly suggesting that (1) defendants Schuler, Grisham, Portier or Winsor took any action in retaliation for his filing a lawsuit or (2) that the defendants conspired to interfere with the practice of Mendell's religious beliefs. Mendell objects to the Report on the basis that he is not required to

present evidence with his pleading. He also asks that counsel be appointed for him.

The Court has conducted a *de novo* review of the matter and agrees with the Report. Mendell is correct that he need not present evidence in support of Counts 2 and 6 at this stage of the case. He must, however, allege facts sufficient to plausibly suggest a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is what Mendell has failed to do. The timing of the events relevant to Count 2 does not plausibly suggest retaliation, and no allegation in Count 6 plausibly suggests an agreement between any defendants. Thus, Counts 2 and 6 of Mendell's Second Amended Complaint should be dismissed for failure to state a claim.

As for Mendell's request for counsel, the Court declines to appoint counsel at this time for the reasons stated in Magistrate Judge Frazier's January 2, 2014, order (Doc. 22).

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 25);
- **DISMISSES** Counts 2 and 6 of the Second Amended Complaint **without prejudice**; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   February 10, 2014**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**