UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN C. MENDELL,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL WILLIAMS, CORRECTIONAL OFFICER CHANCE, ANGELA WINSOR, HAROLD SCHULER, SANDRA FUNK, M. GRISHAM, PORTIER, E. PFAU, HILLIARD and ETIENNE<br><br>    Defendant. | Case No. 13-cv-1076-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. Plaintiff Brian C. Mendell signed his complaint on October 10, 2013, and it was received and docketed on October 17, 2013 (Doc. 1). The Court allowed the plaintiff to proceed without prepayment of fees and assessed an initial partial filing fee of $14.38 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 8). The Court calculated this filing fee after considering the average monthly balance or deposits in the plaintiff's account for the six-month period immediately preceding the filing of the complaint. The plaintiff began that period with a balance of $30.94. He then received $490.80 in deposits from his prison job and gifts from outside the prison, and he spent substantial sums on the library, commissary purchases and gifts to people outside the prison, leaving him with $56.96 in his account when he filed this lawsuit in October 2013. Shortly thereafter, he spent most of that money on commissary purchases, leaving him with only $4.31 in his account ($3.91 of which was "available") by the time the Court received his prison trust fund statement.

On February 4, 2014, the plaintiff paid $2.39 toward the initial partial filing fee assessed. On March 17, 2014, Magistrate Judge Philip M. Frazier ordered the plaintiff to pay the balance of

the assessed fee – $11.99 – or show that he had no assets and no means to pay that sum on or before April 30, 2014 (Doc. 33). Since that order, the plaintiff has made no further payments toward the initial partial filing fee and he has not attempted to show he has no assets or means to pay that fee.

It is clear that at the time the plaintiff originally filed this lawsuit, he was capable of paying $14.38 to the Court. That the plaintiff made the financial decision to spend his money and not to save it to pay for this lawsuit is a decision the plaintiff must live with. If a prisoner's account has ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1). *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997); *see also Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (if prisoner is unable to pay because he intentionally depleted his account to avoid payment, court may dismiss case). "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012). Because the plaintiff had the assets and the means to pay the initial partial filing when he filed this case but chose to spend his money elsewhere, clearly he is "at fault" for failing to pay the initial partial filing fee in a timely manner, and the Court may dismiss this case. *See Thomas*, 745 F.3d at 312. However, rather than dismissing the case at the present time, the Court will give the plaintiff additional time to pay the balance of the fee due and will stay this case in the meantime.

Accordingly, the Court:

- **ORDERS** that the plaintiff shall have up to and including June 30, 2014, to pay the balance of the initial partial filing fee – $11.99;

- **STAYS** this case until further order of the Court; and

- **WARNS** the plaintiff that if he does not pay the balance of the initial partial filing fee – $11.99 – by June 30, 2014, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED.**
**DATED:   May 27, 2014**

                s/J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**